■ HENRI ASSOCIATES, Appellant, v SAXONY CARPET CO., INC., et al., Respondents. [705 NYS2d 580] —Judgment, Supreme Court, New York County (Barry Cozier, J.), entered December 3, 1998, after a nonjury trial, which, insofar as appealed from, awarded defendant Saxony Floors, Inc. recovery on its counterclaim against plaintiff in the amount of $8,606, plus interest, costs and disbursements and, by implication, dismissed plaintiff's complaint as against it, unanimously reversed, on the law, without costs, the counterclaim dismissed and entry of judgment directed in favor of plaintiff against defendant Saxony Floors, Inc. in the principal amount of $9,800, with interest from September 16, 1991.

On an initial appeal (249 AD2d 63), we reversed the order of the same court (Carol Arber, J.), that had granted plaintiff partial summary judgment, and we remanded for trial. We found an enforceable contract on the basis of an original letter agreement to exist, subject to some revision in prices, but that unresolved factual issues regarding who breached the contract and whether defendant was entitled to damages on its counterclaim for, inter alia, lost profits, required trial. Trial has now been conducted, at which the following evidence was adduced.

On July 24, 1991, plaintiff contracted with defendant for defendant to install marble and tile work in plaintiff's townhouse, for which plaintiff deposited a $10,000 down payment with defendant. Plaintiff had submitted work specifications to defendant the prior April, and upon such submission defendant

provided estimates of labor and materials, and added a profit margin of 20%. On the basis of these specifications, defendant measured the project areas during June 1991, for which it charged plaintiff an agreed-upon price of $200 for this work. Plaintiff does not dispute its obligation to pay this fee. A schedule of prices for the proposed work was attached to the July 24, 1991 letter agreement. The contract estimate, incorporating the agreed-upon 20% profit margin, was $93,030, stated to be subject to "final selection and confirmation of areas." Thus, although final price terms were presently indeterminable, the final price would be tied to the price of supplies and labor plus the already determined profit margin, and the "[p]rices will approximate schedule attached." During early August 1991, prior to commencement of work, defendant sent plaintiff a sequence of "acknowledgments" restating the work to be performed, but revising the price for each component upwards. Although some of these acknowledgments seemed to change the scope of the project, thus possibly justifying altered prices, others seemed to correct defendant's errors in its prior estimate. In any event, these acknowledgments, to whatever extent they may have purported to have completed the contract, tended to state only vague and conclusory non-explanatory reasons for significant price increases. As a result, the price of the project was increased to $123,371.99, almost a 34% increase.

Plaintiff, by its principal Richard Feinberg, objected to Lawrence Greenberg, defendant's executive who was responsible for the project and who had drafted the acknowledgments. In the meantime, Feinberg had solicited a proposal from another contractor, Artistic Marble, which agreed to do the work for $95,000. Feinberg, still objecting to defendant's price increase, forwarded the proposal to defendant, at Greenberg's request. Feinberg testified that Greenberg had expressly "backed off" the revised price and asked if defendant could still perform the work if it matched Artistic Marble's proposal. However, neither Greenberg nor anyone else in defendant's employ subsequently responded. By letter dated September 16, 1991, plaintiff informed defendant that defendant's significant price increase was interpreted by plaintiff as defendant's rejection of the contract. This letter also allowed defendant a final chance to cure by lowering its price closer to the estimate provided with the contract. Defendant, again, failed to respond. Plaintiff then contracted with Artistic Marble, and sought recovery of its down payment with defendant. In its counterclaim, defendant sought recovery of $18,606 in lost profits. Although Feinberg testified at trial, Greenberg did not, and defendant's witness, Alan Meiselman, had little or no personal knowledge of the transaction.

The trial court held that plaintiff had prematurely repudiated the contract. The court found that plaintiff's failure to further negotiate the price increase with defendant, while at the same time soliciting a competing bid from another vendor to which it sought to hold defendant, constituted a breach of the implied covenant of fair dealing and good faith. The court did not evaluate whether defendant's drastic price increase was warranted or, conversely, constituted defendant's own breach, a finding we found to be necessary in remanding for trial.

On the basis of the trial evidence, and notwithstanding the parties' agreement that some modest revision of the estimated price "approximating" the estimate might be necessary to account for variables in performance not directly within defendant's control, a 34% increase, even allowing for some alteration in the scope of the work, was not within the contemplation of the parties when they contracted and was not warranted, so that defendant's conduct constituted a breach. Defendant also has failed to present competent and persuasive proof that the acknowledgments properly modified the contract as to scope and price.

Accordingly, we reverse judgment to the extent appealed, direct entry of judgment for plaintiff dismissing defendant's counterclaim, and, on the complaint, award plaintiff damages in the principal amount of $9,800 (i.e., $10,000 minus the undisputed fee of $200). Concur—Sullivan, P. J., Tom, Mazzarelli, Wallach and Buckley, JJ.,